IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MINISTER-CLEVELAND WINSTON**
**KILGORE-BEY,**

       **Plaintiff,**

v.                                         **CIVIL ACTION NO.: 3:20-CV-76**
                                               **(GROH)**

**KATHLEEN HAWK SAWYER,**
**Director of the Federal Bureau of Prisons,**
**R. HUDGINS, Warden,**
**KELLY MOORE, Medical Administrator,**
**JESSICA HOUCHIN, P.A. Nurse/EMTP,**
**MS. ALICIA WILSON, and**
**D. KEMPER, Counselor,**

       **Defendants.**

**REPORT AND RECOMMENDATION TO DENY**
**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**I.    INTRODUCTION**

On May 7, 2020, the *pro se* Plaintiff, an inmate[1] at Hazelton FCI in Bruceton Mills, West Virginia, filed the above-styled civil rights action pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  ECF No. 1.[2]  On August 10, 2020, Plaintiff filed a motion "for leave to declare an emergency temporary restraining order."  ECF No. 23.

---

[1] According to the Bureau of Prisons' Inmate Locator system, Plaintiff's projected release date is January 10, 2021.

[2] All ECF number cited herein are in 3:20-CV-76, unless otherwise noted.

The motion asserts Plaintiff was subject to "retaliation actions of lockdown" after he filed suit for allegedly being denied a CPAP breathing machine. ECF No. 23 at 2, 4. Plaintiff further alleges that he has been denied medical care three separate times after using the emergency call button while in isolation in the Special Housing Unit (SHU). Id. at 4. For relief, Plaintiff asks for a temporary restraining order which would release him from the SHU, prohibit the denial of medical care, expunge the "incident report that is retaliation", and "prohibit the delay of all mail from retaliation." Id. at 5.

## II. LEGAL STANDARD

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction[3] under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018).

The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must

---

[3] Although Plaintiff's motion for relief is styled as a motion for a temporary restraining order, the relief Plaintiff seeks appears to be more properly considered as a preliminary injunction.

>establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### III. ANALYSIS

In regard to Plaintiff's motion for injunctions, it appears Plaintiff cannot meet the four-part Winter test for issuance of a preliminary injunction in regard to the motion. First, Plaintiff has not shown he is likely to succeed on the merits in regard to his claim. "To state a claim for relief in an action brought under § 1983,[4] [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). See Thomas v. The Salvation Army

---

[4] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

3

Southern Territory, 841 F.3d 632, 637 (2016).  Plaintiff claims that he has been subject to retaliation for complaining about the denial of access to medical care at FCI Hazelton. However, he has not established that he meets the three-part test to demonstrate a colorable retaliation claim.  In Martin v. Duffy, 858 F.3d. 239, 249 (4th Cir. 2017), *cert denied*, 138 S.Ct. 738 (2018), the Fourth Circuit held that "a plaintiff 'must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct.'" 858 F.3d at 249, *quoting* Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005).  Plaintiff has not demonstrated that he can meet any of three parts of the Martin v. Duffy test in support of his claims.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief.  Plaintiff's broad claim is that he was retaliated against because he complained about the denial of medical device, a CPAP breathing machine, and denial of his calls for emergency care.  Plaintiff has not submitted any documents to support his claim that he requires a CPAP breathing machine, or that he was denied such a device.  He merely claims that he both needs the device and was denied it.  While the lack of a medical device could cause irreparable harm to a prospective plaintiff, Plaintiff here has failed to demonstrate that he requires such a medical device, or that the lack of the device is likely to cause irreparable harm in the absence of injunctive relief.

Third, Plaintiff has failed to show that the balance of equities tips in his favor. Despite his allegations of harm, Plaintiff has submitted no documents or medical records to support his claims that his constitutional rights were violated.

Fourth, Plaintiff has not demonstrated that an injunction is in the public interest. Plaintiff has raised no specific grounds which concern the public interest. Accordingly, Plaintiff has not demonstrated that the public interest requires the injunction he seeks.

Because Plaintiff is unable to meet any of the four parts of the <u>Winter</u> test for issuance of an injunction in relation to his motion [ECF No. 23] for injunctions, the same is not merited. Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## IV.   RECOMMENDATION

For the foregoing reasons, notably that the Plaintiff fails to meet the four part test for issuance of a preliminary injunction, the Court **RECOMMENDS** that Plaintiff's Motion seeking a preliminary injunction [ECF No. 23] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 10, 2020

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE