IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MINISTER-CLEVELAND**
**WINSTON KILGORE-BEY,**

      Plaintiff,

v.                                                        CIVIL ACTION NO.: 3:20-CV-76
                                                            (GROH)

**KATHLEEN HAWK SAWYER,**
**R. HUDGINS, KELLY MOORE,**
**JESSICA HOUCHIN, MS. ALICIA**
**WILSON, and D. KEMPER,**

      Defendants.

**ORDER ADOPTING IN PART**
**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 46. Pursuant to the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. In his R&R, Magistrate Judge Trumble recommends this Court dismiss without prejudice the Plaintiff's Complaint. Id. at 9. For the below reasons, the Court adopts in part the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, but courts are not required to create objections

where none exist. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1971). Failure to file timely objections constitutes a waiver of *de novo* review and of a plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Here, the R&R recommends this case be dismissed without prejudice because it is clear on the face of the Plaintiff's Complaint that he failed to exhaust his administrative remedies prior to filing this action, depriving this Court of subject matter jurisdiction. ECF No. 46 at 6, 9 (citing Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017)).

The Plaintiff accepted service of the R&R on December 22, 2022. ECF No. 47. To date, the Plaintiff has not filed any objections. The Court will therefore review the R&R for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005). "When performing such a 'clear error' review, 'the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, *3 (N.D.N.Y. July 12, 2012) (quoting Fed. R. Civ. P. 72(b) advisory committee notes to 1983 addition.

Upon careful review, the Court finds the R&R clearly erred in concluding the Plaintiff's failure to exhaust deprives the Court of jurisdiction. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677–78 (4th Cir. 2005) (holding "§ 1997e(a)'s exhaustion requirement is not a jurisdictional requirement."), abrogated on other grounds by Custis, 851 F.3d 358.

Finding no other clear error on the face of the record, the R&R [ECF No. 46] is hereby **ADOPTED IN PART**. Specifically, the R&R is **ADOPTED as to all EXCEPT its**

**conclusion that failure to exhaust deprives the Court of jurisdiction**. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** and **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to the Plaintiff by certified mail, return receipt request, at his last known address.

**DATED**: October 21, 2024

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE